# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

THOMAS FLAVIUS and TERRILEE
STEVENS-FLAVIUS,

                   Plaintiffs,        2007-CV-0048

  v.

JOSE MANIBO, M.D., JUAN F. LUIS
HOSPITAL AND MEDICAL CENTER, and
GOVERNMENT OF THE VIRGIN ISLANDS,

                   Defendants.

TO:   Emile A. Henderson, III, Esq.
        Eugenio W.A. Geigel-Simounet, Esq.

## ORDER DENYING DEFENDANTS' MOTION REQUESTING NON-RESIDENT BOND

THIS MATTER came before the Court upon Defendants' Motion Requesting Non-Resident Bond (Docket No. 11). This order is issued without necessity of response.

Defendants base their motion upon V.I. Code Ann. tit. 5, § 547. However, Judge Moore of the Division of St. Thomas and St. John, in *Mossman v. Moran*, Civil No. 2004-31, 2004 WL 1664010 (D.V.I. June 1, 2004), declared that said Virgin Islands statute does not apply to a diversity action in federal court. As explained by Judge Moore, "section 547 is clearly a rule of procedure rather than substance . . . ." *Id*. at *3.

*Flavius v. Manibo*
2007-CV-0048
Order Denying Defendants' Motion Requesting Non-Resident Bond
Page 2

In *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), the United States Supreme Court held:

> [E]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern.

*Id*. at 78. Judge Reed, concurring, clarified, "The line between procedural and substantive law is hazy, but no one doubts federal power over procedure." *Id*. at 92 (citing *Wayman v. Southard*, 10 Wheat. 1, 6 L.Ed. 253). Thus, in *Yohannon v. Keene Corp*., 924 F.2d 1255, 1265 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit articulated, "[A] federal court sitting in diversity must apply the law of the forum state to questions that are 'substantive' but must use federal rules to govern 'procedural' maters." *Id*. at 92 (citing *Erie*, 304 U.S. at 92). Based upon the foregoing, Judge Moore concluded that Section 547 does not apply to diversity proceeding in this Court.

The Court agrees and finds Section 547 to be procedural, and not substantive, in nature. The Court further finds Judge Moore's reasoning persuasive and now holds that Section 547 does not apply to diversity proceedings in this Court.

Accordingly, it is now hereby **ORDERED** that Defendants' Motion Requesting Non-Resident Bond (Docket No. 11) is **DENIED**.

*Flavius v. Manibo*
2007-CV-0048
Order Denying Defendants' Motion Requesting Non-Resident Bond
Page 3

                                                ENTER:

Dated: June 27, 2007                                  _____
                                                        GEORGE W. CANNON, JR.
                                                        U.S. MAGISTRATE JUDGE

ATTEST:

WILFREDO F. MORALES
Clerk of Court


By:   _____
       Deputy Clerk